# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Loramax LLC, Plaintiff,**<br><br>v.<br><br>**Dodge & Cox and Dodge & Cox Funds, Defendants.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Loramax LLC ("Loramax" or "Plaintiff") makes the following allegations against Dodge & Cox and Dodge & Cox Funds (collectively, "Defendants"):

## PARTIES

1. Plaintiff Loramax is a limited liability company organized under the laws of the State of Texas and has its principal place of business at 2305 North St., Ste. 205, Beaumont, Texas, 77702.

2. Defendant Dodge & Cox is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 555 California St., 40th Fl., San Francisco, CA 94104. Defendant Dodge & Cox may be served via its registered agent for service of process: Thomas M. Mistele, 555 California St., 40th Fl., San Francisco, CA 94104.

3. Defendant Dodge & Cox Funds is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 California St., 40th Fl., San Francisco, CA 94104. Defendant Dodge & Cox Funds may be served via its registered agent for service of process: Thomas M. Mistele, 555 California St., 40th Fl., San

Francisco, CA 94104.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendants have transacted business in this district, and has performed at least a portion of the infringements alleged herein in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,513,126

7. Plaintiff Loramax is the owner by assignment of United States Patent No. 5,513,126 ("the '126 Patent") titled "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles." The '126 Patent was duly issued by the United States Patent and Trademark Office on April 30, 1996. A true and correct copy of the '126 Patent is attached as Exhibit A.

8. Upon information and belief, Defendants make, use, operate, and make available to the public, directly or through intermediaries, a website and related systems that are, and were during the term of the '126 Patent, accessible to the public via the URL at

https://www.dodgeandcox.com ("the Accused Instrumentality").

9. Upon information and belief, Defendants have infringed the '126 Patent during its term in the State of Texas, in this district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, operating, and making available to the public the Accused Instrumentality that performed the methods and/or used the systems covered by at least claims 6 and/or 25 of the '126 Patent to the injury of Plaintiff. Defendants have directly infringed, literally and/or under the doctrine of equivalents, the '126 Patent during the term of the '126 Patent. Defendants are thus liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Defendants' infringement of the '126 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Loramax respectfully requests that this Court enter:

11. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '126 Patent;

12. A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '126 Patents as provided under 35 U.S.C. § 284; and

13. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff Loramax, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial

by jury of any issues so triable by right.

DATED May 8, 2015.    Respectfully submitted,

*/s/ Jaspal S. Hare*
By:_____

Jaspal S. Hare (lead counsel)
Texas Bar No. 24083135
Jaspal.Hare@solidcounsel.com

Bryan R. Haynes
Texas Bar No. 9283520
Bryan.Haynes@solidcounsel.com

**Scheef & Stone L.L.P**
500 North Akard, Suite 500
Dallas, TX 75201
Tel: (214) 706-4200
Fax: (214) 706-4242

**ATTORNEYS FOR PLAINTIFF LORAMAX LLC**