IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LORAMAX LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DODGE & COX AND DODGE & COX FUNDS,<br><br>  Defendants. | CASE NO. 2:15-cv-00664<br><br>JURY TRIAL DEMANDED |

## **DODGE & COX'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO LORAMAX'S COMPLAINT**

Defendants Dodge & Cox and Dodge & Cox Funds (together, "Defendants") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Loramax LLC's Complaint for Patent Infringement. Defendants deny the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

## **PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Dodge & Cox admits it is a California corporation with a principal place of business at 555 California St., 40th Fl., San Francisco, CA 94104.

3.      Dodge & Cox Funds is a Delaware statutory trust with a principal place of business at 555 California St., 40th Fl., San Francisco, CA 94104. Any remaining allegations in paragraph 3 of the Complaint are denied.

## JURISDICTION AND VENUE

4.      Defendants admit that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Defendants deny any allegations of infringement.

5.      Denied.

6.      Defendants deny that this district is an appropriate or convenient venue for this action and reserve the right to seek transfer to a more convenient forum. Defendants deny that they have committed any act of infringement within this district or any other district.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,513,216

7.      Defendants admit that the Complaint purports to attach U.S. Patent No. 5,513,126 (the "'126 Patent"), entitled "Network Having Selectively Accessible Recipient Prioritized Communication Channel Profiles" and issued on April 30, 1996, but deny that the '126 Patent was duly or lawfully issued. Defendants otherwise deny the remaining allegations in paragraph 6 of the Complaint.

8.      On information and belief, the '126 Patent expired no later than October 4, 2013. Therefore, the current use, operation or availability of the alleged Accused Instrumentality in paragraph 7 of the Complaint is irrelevant. With respect to any allegations regarding the alleged Accused Instrumentality prior to the expiration of the '126 Patent, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations.

9. Denied.

10. Denied.

## **PRAYER FOR [SOUGHT] RELIEF**

11-13   Defendants deny that Plaintiff is entitled to any relief from Defendants and deny all of the allegations contained in Plaintiff's Prayer for Relief.

## **JURY DEMAND**

Plaintiff's request for a trial by jury does not require a response from Defendants.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Defendants deny them.

## AFFIRMATIVE DEFENSES

Defendants' Affirmative Defenses are listed below. Defendants reserve the right to amend their Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

### First Defense
### (Non-infringement)

Defendants have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid claim of the '126 Patent that was enforceable during the term of the '126 Patent.

### Second Defense
### (Invalidity)

Each asserted claim of the '126 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that Plaintiff and alleged predecessors in interest to the '126 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed the '126 Patent, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that Defendants had allegedly infringed the '126 Patent.

### Fourth Defense
### (Laches, Estoppel, and Waiver)

Plaintiff's attempted enforcement of the '126 Patent against Defendants is barred by laches, estoppel, and waiver.

**Fifth Defense**
**(Limitation on Damages)**

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Sixth Defense**
**(Prosecution History Estoppel)**

Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patent.

**Seventh Defense**
**(Divided Infringement)**

Claims in the asserted patents require actions by multiple parties in order to infringe the recited methods. Defendants have not performed every element of such method claims.

**Eighth Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**COUNTERCLAIMS**

**PARTIES**

1. Counterclaim Plaintiff Dodge & Cox is a California organization with a principal place of business at 555 California St., 40th Fl., San Francisco, CA 94104.

2. Counterclaim Plaintiff Dodge & Cox Funds is a Delaware statutory trust with a principal place of business at 555 California St., 40th Fl., San Francisco, CA 94104. Collectively, Counterclaim Plaintiffs are "Dodge & Cox."

3. On information and belief based solely on paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Loramax, LLC ("Loramax") is a Texas limited liability

company, with its principal place of business at 2305 North St., Ste. 205, Beaumont, Texas 77702.

## JURISDICTION

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq,*. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5. Venue in this district is appropriate over these Counterclaims because Loramax has consented to the propriety of venue in this district by filing its claims for patent infringement in this district, in response to which these Counterclaims are asserted.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

6. Based on Loramax's filing of this action and Defendants' First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Dodge & Cox infringed the '126 Patent.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Dodge & Cox requests a declaration by the Court that it has not infringed any claim of the '126 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

8. Based on Loramax's filing of this action and Defendants' Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '126 Patent.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Dodge & Cox requests a declaration by the Court that the claims of the '126 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Dodge & Cox asks this Court to enter judgment in Dodge & Cox's favor and against Loramax by granting the following relief:

a) a declaration that the asserted claims of the '126 Patent are invalid;

b) a declaration that Dodge & Cox has not infringed, under any theory, any valid claim of the '126 Patent that was enforceable during the term of the '126 Patent;

c) a declaration that Loramax take nothing by its Complaint;

d) judgment against Loramax and in favor of Dodge & Cox;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Dodge & Cox of its costs and attorneys' fees incurred in this action; and

g) any and all further relief as the Court may deem just and proper.

## JURY DEMAND

Dodge & Cox hereby demands trial by jury on all issues.

Dated: July 29, 2015	Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/Wasif Qureshi*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 - Telephone
    (214) 747-2091 – Facsimile

    Wasif Qureshi
    qureshi@fr.com
    Texas Bar No. 24048155
    Tony Nguyen
    tnguyen@fr.com
    Texas Bar No. 24083565
    1221 McKinney Street, Suite 2800
    Houston, TX 77010
    (713) 654-5300 – Telephone
    (713) 652-0109 – Facsimile

**COUNSEL FOR DEFENDANTS
DODGE & COX AND DODGE & COX FUNDS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 29, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

    */s/Wasif Qureshi*
    Wasif Qureshi